**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADVANCED SYSTEMS TECHNOLOGY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1: 05CV02080 |
| ) | |
| HECTOR V. BARRETO, ET AL. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM OF**
**POINTS AND AUTHORITIES IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff Advanced Systems Technology, Inc. ("AST" or "Plaintiff"), by and through undersigned counsel, and submits its Memorandum in Opposition to Defendants' Motion to Dismiss as follows:

**I.    BACKGROUND**

Plaintiff AST is a veteran-owned small business classified under North American Industry Classification System ("NAICS") Code 541710.[1]  AST attempted to participate in the appeal process regarding NAICS Codes for two follow-on solicitations, but was denied the opportunity by the Small Business Administration ("SBA").  As a result of various decisions made by the SBA through the SBA's Office of Hearings and Appeals ("SBA OHA"), AST, as the incumbent contractor, is ineligible to bid as a small business on one of the follow-on solicitations and ineligible to bid at all on the other follow-on solicitation.  The complete factual background is contained in the Verified Complaint and the exhibits attached thereto.

_____
[1] Plaintiff agrees with Defendants' description of the Small Business Act and NAICS Codes.  Defendants Memo at 1-3.  Plaintiff also agrees with the Defendants' descriptions of the Solicitations at Issue except that the SBA OHA denied AST's Motion for Reconsideration after the filing of the Complaint in this case.  Defendants Memo at 3-5.

Case 1:05-cv-02080-ESH    Document 7    Filed 10/31/2005    Page 2 of 15

The relief that AST seeks is two-fold: declaratory and injunctive relief. AST seeks a declaration from this Court pursuant to the Administrative Procedures Act that the orders of the SBA OHA were arbitrary and capricious or otherwise contrary to law. AST therefore asks that the Court vacate the SBA-OHA order dated September 23, 2005 granting RhinoCorps' appeal on TRAC-Leavenworth; that the Court vacate the October 7, 2005 order granting RhinoCorps' appeal in TRAC-WSMR; that the Court vacate the October 14, 2005 order dismissing AST's appeal and that the Court declare that the Orders issued by the SBA are invalid and of no force or effect.

Additionally, so as to allow this Court time to review and the SBA OHA time to remedy its arbitrary and capricious decision-making process undertaken related to AST and the follow-on solicitations, AST seeks preliminary injunctive relief to maintain the status quo on the two follow-on solicitations. AST seeks injunctive relief to (1) prevent the award under Solicitation No. W91QF4-05-R-0008 ("Solicitation 008") and (2) suspend the end of the response due date (currently set for November 4, 2005) and award under Solicitation No. W91QF4-05-R-0011 ("Solicitation 0011") pending this Court's review of the prior decisions of the SBA OHA and any further actions directed to be taken by the SBA OHA on remand.

Defendants filed a Motion to Dismiss under FRCP 12(b)(1) on October 28, 2005, alleging that this Court lacks subject matter jurisdiction to hear AST's Complaint. Defendants assert that the proper forum for the Verified Complaint and the Motion for Preliminary Injunction is the Court of Federal Claims. As discussed below, this Court is the proper forum to adjudicate Plaintiff's claims.

## II.    STANDARD OF REVIEW

In general, a motion to dismiss under Fed. R. Civ. P. 12(b) should not prevail unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.

Dean v. American Federation of Government Employees Local 476, 2005 U.S. Dist. LEXIS 18895 (D.D.C. 2005), citing Kowal v. MCI Commun. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).   At the stage of the litigation when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts.   Dean v. American Federation of Government Employees Local 476, 2005 U.S. Dist. LEXIS 18895, citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In ruling on a Fed. R. Civ. P. 12(b)(1) motion, the court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. The court may decide the motion based on the bare complaint. It may also consider undisputed facts in the record and even its own resolution of disputed facts.   United States ex rel. El-Amin v. George Washington, 2005 U.S. Dist. LEXIS 3563 (D.D.C. 2005).

Where a defendant has challenged "only the legal sufficiency of the plaintiff's jurisdictional allegations," the court must take the plaintiff's factual allegations as true in determining whether subject matter jurisdiction is appropriate.   Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).   Only where the defendant raises a factual challenge to the jurisdictional facts in the complaint does the court need to look beyond the plaintiff's allegations. Asociacian de Reclamantes v. United Mexican States, 561 F. Supp. 1190 (D. D.C. 1983).   Here, the facts are undisputed and therefore AST's factual allegations should be viewed as accurate for the purpose of determining jurisdiction of the Court.

## III.   ARGUMENT

The question set forth in the Complaint for this Court to resolve is: was the deliberate exclusion of AST, the incumbent contractor, and the contractor with the most intimate knowledge of the true nature of the work performed under the contract, by the SBA from the

decision-making process arbitrary and capricious or otherwise contrary to law when the decision related to a follow-on solicitation in which AST has a direct financial interest and when the decision must be based upon the true nature of the work performed under the contract to assign the proper NAICS Code?

Plaintiff's cause of action in this proceeding is based on its factual allegation that the SBA OHA violated the Administrative Procedures Act and the Plaintiff's right to due process under the U.S. Constitution.   Specifically, Plaintiff believes that SBA OHA's pre-award decisions issued with respect to Solicitations 008 and 0011 are arbitrary and capricious or otherwise contrary to law and were issued without providing required due process to the Plaintiff AST.   Adjudicating this claim is plainly within the jurisdiction of this Court, in accordance with 15 U.S.C. § 634(b).   However, this single cause of action seeks two distinct remedies: injunctive and declaratory.   The injunctive relief sought by Plaintiff is intended to preserve Plaintiff's ability to be considered for the contracts in Solicitations 0008 and 0011.   The declaratory relief is intended to vacate the applicable SBA OHA decisions and allow Plaintiff a full and fair opportunity to be heard on this matter.   Neither form of relief sought by plaintiff is available via the Court of Federal Claims.   In addition, because the two remedies sought are derived from a common nucleus of operative facts, they are sufficiently related for this Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over all defendants.

### A.     This Court has Subject Matter Jurisdiction over the Plaintiff's Cause of Action.

Plaintiff's action is a challenge to the SBA OHA's decision-making process related to decisions made by the SBA OHA on September 23, 2005, October 7, 2005, and October 14, 2005, which changed the NAICS Code used in Solicitations 0008 and 0011 in a way that made Plaintiff, the incumbent contractor in the current contract being re-bid in Solicitations 0008 and

0011, ineligible.  Defendants argue that under the 1996 Administrative Dispute Resolution Act's

("ADRA") sunset provisions, which amended the Tucker Act, the Court of Federal Claims has

exclusive jurisdiction over Plaintiff's action.  See  Pub. L. No. 104-320, § 12(d), 110 Stat. 3870

(1996) (codified at 28 U.S.C. § 1491).  While the Tucker Act as amended by the ADRA might

appear, on its face, to preclude judicial review of bid protests in any court except the Court of

Federal Claims, more recent cases clearly demonstrate that the issue of jurisdiction over SBA

OHA actions is not a settled area of law.

In a case directly on point, Red River Serv. Corp. v. United States, the Court of Federal

Claims reviewed whether the Court had jurisdiction over decisions of the SBA OHA in a pre-

contract award situation.  Red River Serv. Corp. v. United States, 60 Fed.Cl. 532 (2004).  The

Defendants in Red River cited Ceres Envtl. Servs. v. United States for the proposition that the

Court of Federal Claims has exclusive jurisdiction to review an SBA OHA decision.  Ceres

Envtl. Servs. v. United States, 52 Fed. Cl. 23 (2002).  The Red River Court clearly rejected that

notion.  The Court stated that it lacked jurisdiction under the Tucker Act, as amended by the

Administrative Dispute Resolution Act of 1996, Pub.L. No. 104-320 § 12, 110 Stat. 3870, 3874 –

75 (1996), to review a final decision of the SBA OHA, "unless the agency is party to a contract

or solicitation at issue.  The proper forum for further adjudication of SBA administrative

decisions clearly lies with a United States District Court."  Red River Serv. Corp. v. United

States, 60 Fed.Cl. at 537-38.   The Court cited to 15 U.S.C. § 634(b) and McCarty Corp. v. Rice,

1989 WL 165904 at * 11 (D.D.C. 1989) (granting injunction pending adjudication of whether a

SBA "size determination is arbitrary, capricious, and in violation of the SBA's own

regulations").  By contrast, the Court in Red River explained that, because it could find no

statutory authority preventing it from reviewing an Air Force Contracting Officer's ("CO's")

selection of a particular NAICS Code, it would "exercise its Tucker Act jurisdiction" and review the CO's NAICS selection. Red River, 60 Fed.Cl. at 538.

Several months after its decision in Red River was issued, the Court of Federal Claims confronted Chapman Law Firm v. United States, a post-award bid protest. Chapman Law Firm v. United States, 63 Fed.Cl. 25 (2004). While the Court concluded that it could exercise jurisdiction in the post-award context, it then declined to hear the merits of the case. Id. at 35. Because of plaintiff's failure to file its appeal prior to the contract award, the Court stated it was unable to grant the injunctive relief the plaintiff sought and ruled the plaintiff's claim was not justiciable. Id. In coming to this conclusion, however, the Court did not consider other court cases, both pre- and post-ADRA, that have held that the Court of Federal Claims lacks the authority to order equitable relief in claims brought under the Tucker Act.

At least one commentator has opined: "[t]he language of 1491(d) only removes the jurisdiction given in Section 1491(b)(1), and not the APA jurisdiction that existed before the ADRA. The APA jurisdiction continues to exist. If Congress intended the language to remove all district court jurisdiction, certainly there would be a reference to Scanwell jurisdiction." Peter Verchinski, Are District Courts Still a Viable Forum for Bid Protests?, 32 Pub. Cont. L.J. 393 (2003). There was a disagreement between the House and Senate regarding the effect of the ADRA on the district court's Scanwell jurisdiction. Accordingly, there is no reference to Scanwell in the legislation. Id.

As the Tenth Circuit has noted, "the ADRA's affect on the district court's jurisdiction over cases brought by disappointed bidders is not immediately evident." City of Albuquerque v. U.S. Department of Interior, 379 F.3d 901, 909 (10th Cir. 2004). The Tenth Circuit noted the decision of Emery Worldwide Airlines, Inc. v. United States, 261 F.3d 1071, 1080 (Fed. Cir.

2001) but also stated: "At least one court has, since the passage of the ADRA, allowed a disappointed bidder to bring suit in the district court based on the Administrative Procedures Act's waiver of sovereign immunity as explained in Scanwell." Id. (citing Iceland S.S. Co. – Eimskip v. United States Dept. of Army, 201 F.3d 451, 453 (D.C. Cir. 2000)).  Therefore, this Court remains the proper forum to resolve Plaintiff's causes of action.

> **B.   The Court of Federal Claims does not have Jurisdiction over the Causes of Action set forth in the Complaint.**

The Court of Federal Claims, like other federal courts, is a court of limited jurisdiction that has its jurisdiction determined by Congress.  Aldinger v. Howard, 427 U.S. 1, 15 (1976). The Court of Federal Claims jurisdiction is set forth primarily in the Tucker Act , which states in pertinent part:

> The United State Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

As discussed below, the SBA has not waived its sovereign immunity to allow the Court of Federal Claims to resolve appeals of the SBA OHA.  Congress has specifically stated by statute that any judicial review shall be heard by a federal District Court.  15 U.S.C. § 634(b). Furthermore, the Court of Federal Claims does not have jurisdiction under the Tucker Act as stated by Defendants, because there is no underlying money-mandating statute on which Plaintiff relies.  Plaintiff, in fact, seeks no money damages.  Finally, the Court of Federal Claims cannot provide the relief requested in the Verified Complaint.  For all of these reasons, this Court should exercise jurisdiction over the matters in the Verified Complaint.  If the Court does not, Plaintiff

will be left in a situation of having a wrong done to it that is clearly reviewable, but with no forum to exercise that review.

        1.      <u>The Court of Federal Claims Cannot Adjudicate Cause of Action Against the SBA.</u>

"Because the SBA is an agency of the United States, it enjoys sovereign immunity except to the extent waived, and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." <u>A&S Council Oil Co. v. Lader</u>, 56 F.3d 234, 238 (D.C. Cir. 1995). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." <u>INS v. St. Cyr</u>, 533 U.S. 289, 299 n.10 (2001).

Congress has specifically stated in the SBA's regulations where suit may be brought against the SBA. 15 U.S.C. § 634(b)(1) states:

> b) Powers of Administrator
>
> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may –
>
> (1) sue and be sued in any court of record of a State having general jurisdiction, ***or in any United States district court***, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property; . . .

15 U.S.C. § 634(b)(1) (emphasis added). The district courts handle suits against the SBA. <u>See e.g.</u> <u>Contract Management, Inc. v. Rumsfeld</u>, 291 F.Supp.2d 1166 (D. Haw. 2003). There is no mention of the Court of Federal Claims in 15 U.S.C. § 634(b)(1), and, therefore, the Court cannot adjudicate claims against the SBA.

2.    The Court of Federal Claims does not have Jurisdiction under the Tucker Act.

The Tucker Act does not create a substantive cause of action; in order to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.  See e.g. Mitchell v. United States, 463 U.S. 206, 216-17 (1983).  The Federal Circuit has noted that "the absence of a money-mandating source [is] fatal to the Court's jurisdiction under the Tucker Act."  Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005).  The Federal Circuit has also stated: "the jurisdiction of the Court of Federal Claims is limited to cases in which the constitution or a federal statute requires the payment of money damages as compensation for their violation."  Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997).

In their Memorandum, Defendants claim that plaintiff AST incorrectly cites the Little Tucker Act, 28 U.S.C. § 1346(a)(2) and cite two cases for the proposition that to "invoke the Tucker Act or the Little Tucker Act, a plaintiff must identify a contractual relationship, a constitutional provision, a statute, or a regulation that provides a substantive right to money damages."  Memo at  p. 18 (citing Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995); Wolfe v. Marsh, 846 F.2d 782, 784 (D.C. Cir. 1988)).  As noted by the Federal Circuit in Hamlet, in order to invoke jurisdiction in the Court of Federal Claims under the Tucker Act a plaintiff must "point to a substantive right to money damages against the United States."  See Hamlet, 63 F.3d at 1101.  As discussed supra, this is the requirement that plaintiffs cite to a money-mandating statute in order to assert jurisdiction *in the Court of Federal Claims*.  As is clearly stated in its Complaint and in Defendants' Memo, Plaintiff is not asserting a claim for money damages under a money-mandating statute.  Defendants' Memo at p. 11.

Defendants' baseless attempt to find an implicit claim to damages in excess of $10,000 in Plaintiff's complaint (Defendants' Memo at p. 18, n.4) in order to force the case into the Court of Federal Claims is, therefore, unavailing.  As the Court in Wolfe v. Marsh held, "[t]he district court should not assume . . . jurisdiction over implicit claims, but only over explicit claims for monetary relief."   Wolfe, 846 F.2d at 784 (emphasis added).  Further, collateral consequences (such as Defendants' claim of the possibility of money damages) of equitable relief do not implicate the Little Tucker Act either.  Id. (citing Vietnam Veterans of America v. Secretary of the Navy, 843 F.2d 528, 534 (D.C. Cir. 1988)).  As there is no explicit claim for money damages present in Plaintiff's Complaint, this Court should not read the possibility of such a claim into the complaint.  Instead, this Court should judge the jurisdiction issue on the "plain terms of the complaint" and find that jurisdiction is properly in the district court.  Id. at 785.

The authority of the Court of Federal Claims must be derived solely from statutes that are money-mandating, that is, statutes that authorize the award of money damages.  North Star Steel Co. v. United States, 58 Fed. Cl. 720 (2003) (citing First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999)).  Therefore, any suit arising out of the APA cannot be heard in the Court of Federal Claims, because that statute is not money-mandating and affords only injunctive relief.  Id. at 733 (citing James v. Caldera, 159 F.3d 573, 578-79 (Fed. Cir. 1998)); Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993).  See also, Aptus Co. v. United States, 61 Fed. Cl. 638 (2004) (holding that "[o]ur jurisdiction is narrowly defined by Congress in the Tucker Act, and extends to contract claims for money damages against the government, and 'money-mandating' provisions of the Constitution, Acts of Congress, or executive regulations, to which the plaintiff alleges a specific entitlement"); Faulkner v. United States, 43 Fed. Cl. 54 (1999) (holding that the jurisdiction of the Court of Federal Claims is limited to

claims for monetary compensation and noting that the APA does not provide for monetary damages relief).  The Court of Federal Claims is clearly barred by its own precedent from providing the very equitable relief plaintiff seeks. The ADRA has neither changed this situation nor 'subsumed' APA jurisdiction for government bid protest cases.  To hold otherwise would be to force Plaintiff into a forum that lacks jurisdiction and power to provide the only relief appropriate to its situation.   The APA provides an independent basis for District Court jurisdiction for precisely the reason that Defendants' claim that it cannot be used -- there is not other adequate remedy available.  Defendants Memo at 14.

        3.     The Court of Federal Claims Cannot Provide the Relief Requested by Plaintiff.

Plaintiff seeks declaratory and injunctive relief.  In cases commencing in 1993 and continuing well beyond the amendment of the Tucker Act by the ADRA of 1996, it is well settled that the Court of Federal Claims has no jurisdiction under the Tucker Act to provide equitable or declaratory relief in a contract dispute case under 28 U.S.C. § 1491(a).  In North Star Alaska v. United States (North Star Alaska), the Ninth Circuit held that the Tucker Act, which waives sovereign immunity and allows the Claims Court (now the Court of Federal Claims) jurisdiction over certain claims against the United States, does not permit that Court to grant either equitable or declaratory relief in contract dispute cases.   North Star Alaska v. United States, 9 F.3d 1430, 1432 (9th Cir. 1993).  Further, the Court stated that equitable relief was available in cases where the claim for relief is grounded in a statute.  Id. (citing North Side Lumber v. Block, 753 F.2d 1482, 1485 (9th Cir. 1985)).

In a case heard by the Federal Circuit, Massie v. United States, the Court elaborated on the doctrine set out in North Star Alaska when it noted that the Tucker Act is a purely jurisdictional statute that has been interpreted by the Supreme Court to mean that a plaintiff that

seeks redress in the Court of Federal Claims must present a claim for "actual, presently due money damages from the United States." Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (internal citations omitted). The Massie Court also noted that the Tucker Act did not authorize the Court of Federal Claims to order equitable relief. Id. (citing United States v. King, 395 U.S. 1, 4 (1969)). Essentially, the Court of Federal Claims has jurisdiction only over contractual disputes or claims based on a constitutional provision, federal statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." See, e.g., Kennedy Heights Apartments v. United States, 48 Fed. Cl. 574, 577 (Fed. Cl. 2001) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002 (Ct. Cl. 1967)). Plaintiff AST requests rulings from this Court in the form of injunctive and declaratory relief only, both of which are forms of equitable relief. Plaintiff's claim is rooted in the Due Process clause of the Constitution, the Administrative Procedures Act, and the Small Business Act. There is no claim of money damages against the United States. Therefore, jurisdiction in this case is properly with this Court.

Finally, because the due process clause of the Fifth Amendment does not establish a substantive right to money damages, the Court of Federal Claims also lacks jurisdiction over due process causes of action. See e.g. Sindram v. United States, 2005 WL 2100907 (August 31, 2005).

If the Court of Federal Claims cannot provide the relief requested by Plaintiff and this Court does not exercise jurisdiction, Plaintiff would have no available remedy. If Congress had intended the draconian step of eliminating all non-monetary remedies, it would have done so explicitly.

**C.    This Court Can and Should Exercise Supplemental Jurisdiction over Both Remedies Sought by Plaintiff, Because the Underlying Action is Properly in the District Court.**

Per Article III of the Constitution, supplemental jurisdiction extends to all claims sufficiently related to the claim on which the district court's original jurisdiction is based.  See U.S. CONST. art. 3, § 2, cl. 1; 28 U.S.C.A. §1367(a) (2000); Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp., 272 F.Supp.2d 784, 787-88 (E.D. Wis. 2003).  Because this case is brought under 15 U.S.C. § 634(b), which gives the district court jurisdiction to hear the complaint concerning the SBA OHA decisions, this Court has original jurisdiction over this case.  In this case, plaintiff AST's "case or controversy'" is its complaint that the SBA OHA decisions regarding solicitations regarding the Army are arbitrary and capricious or otherwise contrary to law.  Its two claims for relief are directed at different entities.  The injunctive relief is directed at the Army and seeks to enjoin the award of two contracts until after the substantive review of the SBA-OHA decisions is complete.  See Complaint at ¶ 2.  The declaratory relief is directed at the SBA itself and seeks to vacate three decisions of the SBA.  See Complaint at ¶ 62.

Both claims for relief arise out of a "common nucleus of operative facts" that "would ordinarily be expected to be tried in one judicial proceeding."  See e.g. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102 (3d Cir. 1995).  The MCI Court decided that the District Court properly exercised supplemental jurisdiction over a third party claim arising from a Federal Communications Commission tariff because both actions arose out the same activity.  Id.  In this case, both claims for relief are fundamentally based on the results of one arbitrary and capricious action: the action of the SBA-OHA in its September 23, 2005, October 7, 2005, and October 14, 2005 decisions.  Without those actions, the NAICS codes in Solicitations 0008 and 0011 would not have been changed, Plaintiff's rights would not have been violated, and Plaintiff would not be seeking injunctive relief against the Army.  Further, prudent use of judicial

resources and fairness to litigants dictate that these claims be considered by one court.  Id.; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  The alternative to this Court's exercise of supplemental jurisdiction in this case is that the substantive review of the merits of Plaintiff's claim concerning the SBA OHA decision will be bifurcated from the consideration of the request for injunctive relief.  As a result, two different courts would review the merits of the Verified Complaint.  In fairness to litigants and in order to preserve scarce judicial resources this Court should exercise its discretion, find that supplemental jurisdiction requirements have been met, and hear all claims arising out of Plaintiff's single case in this Court.

## IV.    CONCLUSION

As this case is properly before this Court, this Court has jurisdiction to hear the claim asserted by AST and order such relief as prayed for in AST's Complaint and/or other relief as appropriate.


Dated:  October 31, 2005

/s/ Michael Tucci
LAWRENCE BLOCK (#452190)
MICHAEL TUCCI (# 430470)
Stinson Morrison Hecker LLP
1150 - 18th Street, N.W., Suite 800
Washington, D.C.  20036
Tel: (202) 785-9100; Fax: (202) 785-9163

*Attorneys for Plaintiff Advanced Systems Technology, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Memorandum in Opposition to Defendants' Motion to Dismiss was sent via Federal Express overnight delivery and electronic mail this 31st day of October, 2005  to the following:

Peter Blumberg
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(via electronic mail and federal express)


                                        /s/ Lawrence Block
                                        Lawrence Block