UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ADVANCED SYSTEMS TECHNOLOGY, INC.   )
                                    )
                     Plaintiff,     )
                                    )
       v.                           )   Civil Action No. 05-2080 (ESH)
                                    )
HECTOR V. BARRITO, *et al.*,        )
                                    )
                     Respondents.   )
_____)

### MEMORANDUM OPINION

Plaintiff Advanced Systems Technology, Inc. ("AST") currently serves as the incumbent contractor on two United States Army contracts supporting the Training and Doctrine Command Analysis Centers ("TRAC") at Fort Leavenworth, Kansas and White Sands Missile Range, New Mexico. Plaintiff has filed a Motion for a Preliminary Injunction challenging the decision of the Small Business Administration ("SBA") to classify two follow-on contracts for the work currently performed by AST in such a manner as to prevent AST from bidding for the contracts. Currently before the Court is defendant SBA's Motion to Dismiss ("Def.'s Mot.") for lack of jurisdiction. Defendant asserts that under Section 12(d) of the Administrative Dispute Resolution Act, Pub. L. No. 104-320, 110 Stat. 3870 (1996), exclusive jurisdiction over all claims related to government contract procurement lie in the Court of Federal Claims. (Def.'s Mot. at 7.) Because the Court agrees that plaintiff's claims are not properly before it, defendant's motion will be granted and plaintiff's complaint shall be dismissed without prejudice.

1

**BACKGROUND**

I. **Statutory Background**

Pursuant to the Small Business Act, 15 U.S.C. §§ 631-657, certain federal government procurement contracts must be reserved for small business concerns. *Id*. § 644. The SBA is granted authority under the Small Business Act to promulgate by regulation applicable size standards to determine which entities qualify as small business concerns. *Id*. § 632. The SBA makes use of the North American Industry Classification ("NAICS") codes to determine the maximum number of employees or annual receipts that a business can have and receive accommodation as a small business with respect to each contract solicitation. *See* 13 C.F.R. § 121.201. The NAICS codes are industry specific; a code designation is supposed to take into account the specific characteristics of the product or service being offered. *See* 13 C.F.R. §§ 121.102; 121.402. Any party wishing to contest a code designation must file an appeal with the SBA's Office of Hearings and Appeals ("OHA") within 10 calendar days of the issuance of the initial solicitation. 48 C.F.R. § 9.303(c)(1); 13 C.F.R. § 134.304(a)(3). After reviewing evidence and argument presented by the Contracting Officer ("CO") at SBA who made the initial NAICS code designation, 13 C.F.R. Part 134, the OHA evaluates whether the CO made a "clear error of fact or law" in assigning the code. 13 C.F.R. § 134.314. If the OHA issues its decision before the date when offers on the solicitation are due, "the decision shall be final and the solicitation must be amended to reflect the decision, if appropriate." 48 C.F.R. § 19.303(c)(5).

II. **Factual Background**

At issue are two bid solicitations issued by the Army Contracting Agency, Northern Region Contracting Center ("ACA"). The first, Solicitation No. W91QF4-05-0008 ("Solicitation

0008"), is for support of the United States Army Training and Doctrine Command Analysis Center ("TRAC") at Fort Leavenworth, Kansas and was issued on August 5, 2005. (Compl. ¶ 8.) The second, Solicitation No. W91QF4-05-R-011 ("Solicitation 0011"), was issued on August 30, 2005 and is for support of TRAC at White Sands Missile Range, New Mexico. (*Id*. ¶25.) Plaintiff is the incumbent contractor on both contracts and Solicitations 0008 and 0011 are "follow on" solicitations for the work currently being performed under plaintiff's existing contracts. (*Id*. ¶¶ 10, 27.) Solicitations 0008 and 0011 were limited solely to small businesses and were initially designated a NAICS code of 541710, which corresponds to a 500 employee size standard. (*Id*. ¶¶ 12, 26.)

On August 19, 2005, RhinoCorps, Ltd. ("RhinoCorps") filed an appeal to the initial code designation for Solicitation 0008 with the OHA. (*Id*. ¶ 14.) On September 8, 2005, it did the same with respect to Solicitation 0011. (*Id*. ¶ 28.) Plaintiff received no notice of RhinoCorps' appeals. (*Id*. ¶¶ 19, 29.) On September 23, 2005, the OHA issued a decision changing the NAICS code for Solicitation 0008 to 541690, which imposes a $6 million annual receipts standard. (*Id*. ¶ 15.) Plaintiff is ineligible to bid as a small business under the new NAICS code. (*Id*. ¶ 16.) On October 3, 2005, plaintiff filed an appeal with the OHA protesting the code change. (*Id*. ¶ 23.) The OHA dismissed AST's appeal on October 14, 2005, finding that it had already considered and rejected the code designation endorsed by plaintiff with respect to Solicitation 0008. (*Id*. ¶ 24.)

On October 5, 2005, AST filed a Motion to Intervene in the appeal proceeding regarding Solicitation 0011. (*Id*. ¶ 31.) AST's motion was denied by OHA on October 7, 2005, on the grounds that the record had closed on September 28, 2005. (*Id*. ¶ 33.) The same day, the OHA

3

issued a decision finding the appropriate code designation for Solicitation 0011 to be 541511, which corresponds to a $21 million annual receipts standard. (*Id.* ¶ 35.) AST is not eligible to bid under NAICS code 541511 because its receipts exceed $21 million annually. (*Id.* ¶ 37.) On October 17, plaintiff filed with the OHA an appeal regarding the amendment of Solicitation 0011 and a Motion for Reconsideration of the OHA's October 7 orders. (*Id.* ¶ 40.) The Motion for Reconsideration was denied by the OHA subsequent to the filing of this case. (Pl.'s Opp'n at 1 n.1.)

On October 24, 2005, AST filed a three-count complaint alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Due Process Clause of the Fifth Amendment. Plaintiff's complaint seeks declaratory relief vacating the OHA's actions with respect to RhinoCorps' code appeals as arbitrary and capricious for failing to provide AST with notice and an opportunity to respond. Plaintiff further filed a Motion for a Temporary Restraining Order and a Motion for a Preliminary Injunction, seeking to enjoin the government from awarding a contract under Solicitation 0008 and requiring it to extend the bid deadline for Solicitation 0011, which is currently set for Friday, November 4, 2005. SBA now moves for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because a failure to timely resolve the jurisdictional issue would impair plaintiff's ability to obtain substantive relief in the proper forum, the Court ordered briefing on an expedited schedule and this opinion was issued within twenty-four hours of receipt of the parties' briefs.

## ANALYSIS

**I.     Standard of Review**

"Jurisdiction must be established before a federal court may proceed to any other

question." *Galvan v. Fed. Prison. Indus.*, 199 F.3d 461, 463 (D.C. Cir. 1999). A court may not assume without deciding that jurisdiction exists because to do so exceeds the judicial power conferred under Article III of the Constitution. *See Steel Co. v.Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Stewart v. Ashcroft*, 352 F.3d 422, 424 (D.C. Cir. 2003). "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868).

"On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. 2d at 81; *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999); *see also Lujan v.Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). While a court may look beyond the allegations of the complaint and consider extrinsic evidence to determine whether the facts support jurisdiction, *see Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), here the facts are undisputed.

## II.     The Administrative Dispute Resolution Act

The crux of the current jurisdictional dispute relates to Section 12 of the Administrative Dispute Resolution Act ("ADRA"), Pub. L. No. 104-320, § 12, 110 Stat. 3870 (1996) (codified at 28 U.S.C. § 1491), which amends that portion of the Tucker Act that addresses federal court jurisdiction over claims arising "in connection with" government contract solicitations. 28

U.S.C. § 1491(b)(1). Prior to the passage of ADRA, the Court of Federal Claims (previously called the Court of Claims) and U.S. district courts had overlapping but asymmetrical jurisdiction with respect to bid protests. The Tucker Act conferred on the Court of Federal Claims jurisdiction only over protests filed before a contract was awarded. *United States v. John C. Grimberg, Co.*, 702 F.2d 1362, 1372 (Fed. Cir. 1983) (*en banc*). The district courts retained jurisdiction under the *Scanwell* doctrine to hear APA challenges both before and after the award of a contract. *Scanwell Labs., Inc. v. Schaffer*, 424 F.2d 859, 861-73 (D.C. Cir. 1970). The ADRA eliminated this variation. It provided:

> Both the [United] States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C. § 1491(b)(1). The ADRA also contained a sunset provision, which read: "The jurisdiction of the district courts . . . over the actions described in section 1491(b)(1) of title 28, United States Code . . . shall terminate on January 1, 2001 unless extended by Congress." Pub. L. No. 104-320, § 12(d), 110 Stat. at 3875 (codified in note to 28 U.S.C. § 1491 ("Sunset Provisions")). Since the district courts' jurisdiction was not extended, the question this Court must now resolve is whether, notwithstanding the language of the ADRA, does any basis still exist to permit the district courts to hear a potential bidder's procedural and substantive challenges to a federal agency's procurement process?

Plaintiff makes three arguments to support its position that the ADRA did not eliminate all district court jurisdiction over pre-contract award challenges to an OHA decision. First, despite conceding that "the Tucker Act as amended by the ADRA might appear, on its face, to preclude judicial review of bid protests in any court except the Court of Federal Claims," AST argues the case law demonstrates otherwise. (Pl.'s Opp. at 5.) AST's claim ignores the clear precedent on this issue. Plaintiff cites *Red River Serv. Corp. v. United States*, 60 Fed. Cl. 532 (2004), in which the Court of Federal Claims held that it lacked jurisdiction "to review final decisions of the SBA, unless the agency is party to a contract or solicitation at issue. The proper forum for further adjudication of SBA administrative decisions clearly lies with a United States District Court." 60 Fed. Cl. at 538. *Red River*, however, ignored relevant Federal Circuit precedent, *Cavalier Clothes, Inc. v. United States*, 810 F.2d 1108 (Fed. Cir. 1987) (holding that the Court of Claims had jurisdiction to review final decisions of the SBA in a pre-award context for alleged violations of statute or regulation in connection with a procurement), and has been criticized as out of step with other cases decided by the Court of Federal Claims. For instance, in *Chapman Law Firm v. United States*, 63 Fed. Cl. 25 (2004), the court rejected *Red River*'s jurisdictional analysis, pointing to a series of cases in which the Court of Federal Claims has taken jurisdiction over appeals from decisions of the OHA. 63 Fed. Cl. at 29-30 (*citing Mark Dunning Indus., Inc. v. United States*, 60 Fed. Cl. 687 (2004); *Ceres Envtl. Servs., Inc. v. United States*, 52 Fed. Cl. 23 (2002); *Stapp Towing, Inc. v. United States*, 34 Fed. Cl. 300 (1995)); *see also Eagle Design and Mgmt., Inc. v. United States*, 57 Fed. Cl. 271 (2002).

AST's reliance on *Red River* also leads it to conclude that the APA jurisdiction enjoyed by district courts under *Scanwell* continues to exist. (Pl.'s Opp'n at 6.) That conclusion is

plainly wrong. In support plaintiff cites *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901 (10th Cir. 2004), and *Iceland S.S. Co.-Eimskip v. United States Dep't of the Army*, 201 F.3d 451 (D.C. Cir. 2000). Neither case, however, provides any help to plaintiff. In *City of Albuquerque*, the Tenth Circuit permitted an APA claim brought by the city that challenged an agency's procurement process because the ADRA's provisions apply only to "an interested party," 28 U.S.C. § 1491(b)(1), which the Federal Circuit has interpreted to encompass only "an actual or prospective bidder." *City of Albuquerque*, 379 F.3d at 910 (*citing Am. Fed. of Gov't Employees, Local 1482 v. United States*, 258 F.3d 1294, 1300 (Fed. Cir. 2001)). AST plainly qualifies as an actual or potential bidder within the meaning of 28 U.S.C. § 1491(b)(1). Also of no relevance is *Iceland S.S.*, which involved a direct challenge to the decisions of a United States Army Contracting Officer, without any intervention by another agency such as the SBA. 201 F.3d at 453. The most generous interpretation of plaintiff's brief citation to *Iceland S.S.* is that by invoking *Scanwell* subsequent to the passage of ADRA, the D.C. Circuit was carving out APA jurisdiction from the grant of concurrent jurisdiction found in 28 U.S.C. § 1491(b)(1). Such an interpretation is not supported by the language of the case itself, which fails to even mention ADRA. The Court makes reference to APA-based jurisdiction only in passing, indicating no intent to break new jurisdictional ground. Most importantly, *Iceland S.S.* was decided prior to the expiration of the sunset provision, and thus speaks not at all to the district court's jurisdiction after January 1, 2001, which is the question here.

  While plaintiff relies on cases of no relevance, it conveniently ignores the federal court decisions that have addressed the very question presented here and have uniformly concluded that the ADRA's sunset provision precludes district court jurisdiction over contract procurement

disputes arising after January 1, 2001. For instance, in *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071 (Fed. Cir. 2001), the Federal Circuit held that, based on the text of the statute and the legislative history, "it is clear that the Court of Federal Claims is the only judicial forum to bring any governmental contract procurement protest." 264 F.3d at 1080. In *Novell, Inc. v. United States*, 109 F. Supp. 2d 22 (D.D.C. 2000), this Court found that "there is no longer . . . an independent, APA-based jurisdiction for the district courts in government bid protest cases; rather, Congress effectively subsumed APA jurisdiction of the district courts into the more specific jurisdictional language of ADRA." *Id*. at 24. The *Novell* Court went on to argue that "it would defeat the purpose of the sunset clause if these cases could still be brought in the district court under the APA." *Id*. at 25. Similarly, a district court in the Northern District of California found that "the APA does not serve as a basis for jurisdiction because APA jurisdiction over government bid protest cases was subsumed by 28 U.S.C. § 1491(b), which . . . sunsetted in 2001." *Puglia Eng'g v. United States Coast Guard*, Civ. A. No. 04-04794, 2005 WL 106785 (N.D. Cal. Jan 18, 2005). In order to make effective Congress' intent to create a single forum for resolution of claims that arise "in connection with" the procurement process, courts have interpreted the language of the ADRA expansively. For example, in a well-reasoned and scholarly opinion in *Labat-Anderson v. United States*, 346 F. Supp. 2d 145, 151 (D.D.C. 2004), the Court concluded that the grant of jurisdiction under the ADRA is "far more expansive" than mere "bid protests."

> Other courts to address the "in connection with" clause agree that it is expansive. The Federal Circuit has characterized the language as "very   sweeping in scope," and has emphasized that it "does not require an objection to the actual contract procurement." *See Ramcor Servs.Group,Inc. v. United States*, 185 F.3d 1286, 1289

9

> (Fed. Cir. 1999). Instead, "[a]s long as a statute has a connection to a procurement proposal, an alleged violation suffices to supply jurisdiction in the Court of Federal Claims pursuant to section 1491(b)(1). *Id*. The Court of Federal Claims has read the term "procurement" to encompass "all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with the contract completion and close out." [*Labat-Anderson, Inc. v. United States*, 50 Fed. Cl. 99, 104 (2001).]

*Labat-Anderson*, 346 F. Supp. 2d at 151.

Based on these authorities, this Court agrees that APA jurisdiction over bid protests no longer exists and finds that this case falls within the broad parameters of Court of Federal Claims jurisdiction established by the ADRA with respect to procurement disputes.

Plaintiff next argues that the district courts have jurisdiction under the SBA's "sue and be sued" provision. 15 U.S.C. § 634. (Pl.'s Opp'n a 7-8.) The Court of Federal Claims in *Red River* relied on Section 634 as a basis for its decision. *See* 60 Fed. Cl. at 538. Its conclusion was erroneous. It is an established principle of statutory analysis that a "precisely drawn, detailed statute pre-empts more general remedies." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976). The D.C. Circuit has examined the precise issue of whether a claim involving a government contract can be brought in the district court under the SBA's "sue and be sued" clause or whether the Contracts Dispute Act ("CDA"), 41 U.S.C. §§ 601 *et seq.*, vested exclusive jurisdiction in the Court of Federal Claims. *A&S Counsel Co., Inc. v. Lader*, 5 F.3d 234 (D.C. Cir. 1995). It found the CDA "to be the paradigm of a 'precisely drawn, detailed statute' that preempts more general jurisdictional provisions. It purports to provide final and exclusive resolution of all disputes arising from government contracts covered by the statute." *A&S Counsel*, 56 F.3d at 241 (*citing Brown*, 425 U.S. at 834). Like the ADRA, the CDA exempts a

limited class of claims from the jurisdiction of the Court of Federal Claims, which "would have been wholly unnecessary unless Congress assumed that a sue-and-be-sued clause would not trump the [jurisdictional statute's] exclusivity provisions." *A&S Counsel*, 56 F.3d at 242. Therefore, AST cannot rely on 15 U.S.C. § 641 to evade the jurisdictional requirements of the ADRA.

      Third, plaintiff claims that the Court of Federal Claims lacks the authority to grant the requested declaratory and injunctive relief, and therefore, the district court must have jurisdiction so that plaintiff will not be left without a remedy. (Pl.'s Opp'n at 9.) Plaintiff further asserts that the Court of Federal Claims only has jurisdiction where a claim for money damages is present. (*Id*.) In support, AST cites *Mitchell v. United States*, 463 U.S. 206 (1983), and *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005). Regardless of the merits of this claim with respect to actions brought under 28 U.S.C. § 1491(a) (which is the section at issue in both *Mitchell* and *Fisher*), it is nonsensical with respect to pre-award procurement disputes brought under 28 U.S.C. § 1491(b). There can be no basis for money damages prior to the award of a contract. When seeking pre-award relief, a plaintiff inevitably desires the protection of an injunction with the hope of securing a government contract. *See, e.g., Chapman Law Firm v. United States*, 63 Fed. Cl. 25 (2004); *Ceres Envtl. Servs., Inc. v. United States*, 52 Fed. Cl. 23 (2002). To this end, the ADRA explicitly provides that in actions brought under Section 1491(b)(1), "the courts may award any relief that the court considers proper, *including declaratory and injunctive relief*." 28 U.S.C. § 1491(b). As this Court has stated, the "request for equitable relief . . . was -- and still is -- the essence of a claim challenging a government procurement." *Labat-Anderson*, 346 F. Supp. 2d at 150 n.4. Therefore, the fact that plaintiff seeks only declaratory and injunctive relief

provides no basis for district court jurisdiction.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss shall be granted and the above-captioned case shall be dismissed without prejudice.

_____s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:  November 1, 2005